J-S79029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRY L. LANIER | |
| Appellant | No. 727 EDA 2016 |

Appeal from the PCRA Order February 12, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1007181-2005

BEFORE:  GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                **FILED DECEMBER 12, 2016**

Terry L. Lanier appeals, *pro se*, from the February 12, 2016 order of the Court of Common Pleas of Philadelphia County dismissing his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-45, as untimely.  We affirm.

On July 25, 2005, a jury convicted Lanier of rape, involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, endangering the welfare of children, and corruption of minors.[1]  On June 15, 2007, after a Megan's Law hearing, the trial court classified Lanier as a sexually violent predator and sentenced him to an aggregate term of 10 to 20 years' incarceration followed by 10 years' probation.  This Court affirmed

---

[1] 18 Pa.C.S. §§ 3121(a) and (c), 3123(a), 3122.1(a), 3125(a), 4304, and 6301(a)(1)(i), respectively.

the judgment of sentence on June 25, 2008, and the Pennsylvania Supreme Court denied allowance of appeal on February 13, 2009.

On April 23, 2010, Lanier filed his first PCRA petition, which the PCRA court dismissed on November 23, 2011. This Court affirmed the PCRA court's order on February 5, 2013.

On September 22, 2014, Lanier filed the instant PCRA petition, his second. In his petition, Lanier alleged that his 2007 sentence was rendered illegal by *Alleyne v. United States*, 133 S.Ct. 2151 (2013). On August 6, 2015, Lanier filed a supplemental PCRA petition, alleging that his trial counsel was practicing law under two different attorney identification ("ID") numbers, thereby violating Lanier's constitutional rights.[2] On February 12, 2016, the PCRA court dismissed Lanier's petition as untimely. Lanier timely appealed to this Court.[3]

On appeal, Lanier asserts that his sentence is illegal under *Alleyne* and that his trial counsel "operated under fraud" by using two different attorney ID numbers, which "violated his Constitutional Rights." Lanier's Br.

---

[2] Lanier later filed two more supplemental PCRA petitions in which he reiterated the same claims.

[3] Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Melendez–Negron*, 123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." *Id.*

at 1. Before we may address the merits of Lanier's claims, however, we must determine whether the PCRA court properly dismissed his petition as untimely. *See Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723-24 (Pa. 2003).

In his brief, Lanier does not address the PCRA court's dismissal of his petition as untimely, arguing only the merits of the claims raised in his petition. This Court, however, is without jurisdiction to review the merits of an untimely PCRA petition unless the petitioner has established an exception to the one-year time bar. *See Commonwealth v. Lopez*, 51 A.3d 195, 196 (Pa. 2012) (*per curiam*) ("Because the[] timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard . . . them in order to reach the merits of the claims raised in a[n untimely] PCRA petition.") (quoting *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)). Because Lanier fails even to argue, let alone prove, that his petition satisfied an exception to the one-year time bar, we will not address the merits of his underlying claims.

Even if we could overlook Lanier's failure to address the timeliness issue on appeal, we would conclude that he is not entitled to relief. A petitioner must file a PCRA petition, including a second or subsequent petition, within one year of the date his or her judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Here, the Pennsylvania Supreme Court denied Lanier's petition for allowance of appeal on February 13, 2009. Lanier did not seek review with the United States Supreme Court, so his

judgment of sentence became final 90 days later, on May 14, 2009. *See* 42 Pa.C.S. § 9545(b)(3); U.S. S. Ct. R. 13. Lanier had one year from that date, or until May 14, 2010, to file a timely PCRA petition. Thus, the instant PCRA petition, filed on September 22, 2014, was patently untimely.

To overcome the time bar, Lanier was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Lanier must have filed his petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

In his PCRA petition, Lanier asserted the new-facts exception to the one-year time bar, arguing that he filed his petition within 60 days of learning about the *Alleyne* decision from a fellow inmate. However, a judicial decision is not a "new fact" capable of triggering the timeliness exception in section 9545(b)(1)(ii). *Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. 2011); *Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa.Super. 2012). Moreover, *Alleyne* was decided in June 2013, and Lanier did not file his PCRA petition until September 2014. Thus, even had Lanier properly pled the new-facts exception, he failed to file his petition within 60 days of the *Alleyne* decision as required by section 9545(b)(2). *See Brandon*, 51 A.3d at 235 (noting that even if judicial decision qualified as

- 4 -

newly-discovered fact under PCRA, petitioner did not file his petition within 60 days of judicial decision).[4]

Lanier also alleged that his trial counsel fraudulently used two different attorney ID numbers, which violated Lanier's constitutional rights. Lanier claimed that he discovered this information while doing research and immediately filed his supplemental petition in August 2015. In support of this claim, Lanier attached to his petition a copy of the trial court's criminal docket sheet, which lists one ID number for his counsel, and a printout from the website of the Disciplinary Board of the Supreme Court of Pennsylvania, which lists a different ID number. Whatever the reason for the apparent discrepancy in ID numbers, both of these documents are public records and were easily discoverable more than 60 days before Lanier filed his petition. *See Lopez*, 51 A.3d at 196. In any event, Lanier failed to explain how the alleged discrepancy affected his constitutional rights.

Accordingly, because Lanier's second PCRA petition was untimely filed and he failed to prove an exception to the one-year time bar, we conclude that the PCRA court properly dismissed the petition.

_____

[4] Furthermore, our Supreme Court has held that *Alleyne* does not apply retroactively to cases pending on collateral review. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016); *see also Commonwealth Ruiz*, 131 A.3d 54, 58 (Pa.Super. 2015) (stating that "*Alleyne* does **not** invalidate a mandatory minimum sentence when presented in an untimely PCRA petition"). As a result, Lanier also cannot meet the third time-bar exception for a newly recognized constitutional right. *See* 42 Pa.C.S. § 9545(b)(1)(iii).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/12/2016